# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### CIVIL NO. 3:04-CV-264-W

| | |
|---|---|
| DONNA L. MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's objections to the Memorandum and Recommendation ("M&R") (Doc. No. 10) of United States Magistrate Judge Carl Horn, III, recommending that Plaintiff's Motion for Summary Judgment (Doc. No. 6) be denied, that Defendant's Motion for Summary Judgment (Doc. No. 8) be granted, and that the final decision of the Commissioner be affirmed.

This Court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). But judicial review of administrative decision-making does not end there: "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. Thus, it is the district court's duty to

determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The district court conducts a de novo review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the M&R to which only general or conclusory objections are lodged may be affirmed by the court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

First, Plaintiff objects that the DDS psychiatrist's diagnosis of borderline intelligence and corresponding finding of "moderate" functional limitations regarding activities of daily living and social functioning (Tr. 281, 287), when considered in conjunction with her physical impairments, would support a conclusion of disability. The standard of review, of course, is not whether evidence in the record would support a conclusion of disability, but whether the ALJ's finding of no disability is not supported by substantial evidence in the record. Nevertheless, it is clear error for the Commissioner to "fragmentize" the effects of a claimant's multiple and various impairments; thus, the ALJ has a duty to "adequately explain his or her evaluation of the combined effects of the impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). In this case, the ALJ specifically considered the psychiatric evidence and assigned it an appropriate weight based upon a holistic assessment of the record evidence. (Tr. 17, 22.) Furthermore, the ALJ considered Plaintiff's cognitive limitations in conjunction with her physical impairments both at the second step of the analysis (where the ALJ found her several impairments to be "severe") and at the final step (where the ALJ determined Plaintiff's residual function capacity and found her to be incapable of

performing more than "unskilled" work). (Tr. 17, 22-23.) The ALJ's findings at each step are supported by substantial evidence, as explained by the magistrate judge. Finding no error, Plaintiff's first objection is overruled.

Next, Plaintiff objects that the ALJ improperly disregarded medical opinions from Plaintiff's treating physicians regarding impairments which the ALJ found to have arisen after Plaintiff's date last insured. (Tr. 21.) Plaintiff correctly points out that, pursuant to SSR 83-20, "it may be possible, based on the medical evidence[,] to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first medical examination," and that in cases where the onset date must be inferred, the ALJ should "call in the services of a medical advisor." See also Bailey v. Chater, 68 F.3d 75, 79 (4th Cir.1995) (clarifying that the services of a medical advisor are required only when "the evidence of onset is ambiguous"). This ruling does not apply to the case at bar, however, because there is no need to infer an onset date prior to the date of Plaintiff's first medical examination (in fact, Plaintiff has submitted abundant documentation of treatment dating both before and after her date last insured). Moreover, as thoroughly documented by the ALJ, the evidence of onset after Plaintiff's date last insured is not ambiguous, but substantially supports the ALJ's finding. (Tr. 21.) Finding no error, Plaintiff's second objection is overruled.

Finally, Plaintiff objects generally to the magistrate judge's determination that substantial evidence supports the residual functional capacity found by the ALJ. More specifically, Plaintiff argues that the aforementioned evidence, as well as Plaintiff's own subjective testimony, was improperly discounted. Finding, upon careful de novo review of the record, that the M&R correctly addressed and rejected these same arguments, Plaintiff's final objections are also overruled.

Based upon the foregoing, and finding no error, the court hereby accepts the recommendation of the magistrate judge and adopts it as the final decision of this court. It is, therefore, ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 8) is GRANTED, and the final decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Signed: October 20, 2006

Frank D. Whitney
United States District Judge